■   In the Matter of TUNIS-HUNTINGTON DODGE, INC., Respondent, v. LEONARD L. HORN et al., Constituting the Board of Zoning Appeals of the Town of Huntington, Appellants.— In a proceeding pursuant to CPLR article 78, judgment of the Supreme Court, Suffolk County, dated May 18, 1967, which annulled a determination of the Zoning Board of Appeals of the Town of Huntington, reversed, on the law, without costs, and determination confirmed and proceeding dismissed on the merits, without costs.  No questions of fact were considered.  The subject determination of the Zoning Board

of Appeals denied petitioner's application for a special exception permit to erect a free-standing sign. The issue is whether the Zoning Board arbitrarily and without factual foundation applied the applicable standards of the Building Ordinance of the Town of Huntington (art. X, § 3, subd. [3]). Special Term found that petitioner had adduced sufficient proof at a rehearing before the board to establish that the board had no factual basis upon which to deny the application. We disagree. The sign proposed would be free-standing, i.e., not attached to a building. It would be two-sided, interiorly lighted, plastically faced and single-pole mounted, would have an over-all height of 28.9 feet, its dimensions would be 9.9 feet by 8 feet, and it would have a 4.6 feet by 4.6 feet rotating pentastar on top. It would serve petitioner in its business as a Dodge automobile dealer operating under a franchise from the Dodge maufacturer, Chrysler Motors Corporation. The manufacturer has promulgated this type of sign for its authorized dealers and such signs have been used in other locations in the general area of Huntington. Pursuant to the Zoning Ordinance of the Town of Huntington (art. X, § 3, subd. [3]), no free-standing sign may be erected in the town unless the Zoning Board of Appeals shall find: " (a) That such sign is necessary for proper identification of the business * * * ; (b) That such sign does not contribute to the devaluation of any property in the area * * * ; (c) That it does not create or contribute to the creation of any traffic hazard." The critical provision is paragraph (a). The board, in its decision upon the rehearing, rendered on December 29, 1966, found that the proposed sign would be " an extremely large free-standing sign " and " of such proportion as to adversely effect [sic] the character of the neighborhood." The board further found that there would be "no obstruction of view of the premises from the road, and that the signs that are presently on the premises are more than adequate for the proper identification of the business"; that the existing signs, on both the north and south sides of a chimney, are floodlighted and clearly visible, with "no obstruction in any way whatsoever " for more than 300 feet to the south and 250 feet to the north; that, in addition, "there is a free-standing sign for the Used Car department which is visible more than two blocks away in both directions"; and that "the building has an additional illuminated neon sign and three other facial signs." The decision further states that all the board members voting visited the premises and personally observed these conditions. It also contains this sentence: "It is apparent from the foregoing that the business on the premises is easily identifiable, and that there is absolutely no need for any additional sign." We believe that there was ample proof in the record, supplemented by the personal observations of the members of the board who voted, to support the board's findings. Merely because Chrysler Motors Corporation is desirous of adopting some special policy in regard to signs for its agencies is no reason why a municipality's zoning board must set aside its own views and submit subordinately to such corporate policy upon the application of one who seeks to erect a sign within the municipality. The Zoning Board of Appeals was clearly within its prescribed powers when it denied the special exception permit under the circumstances of this case. There was substantial evidence to support the board's findings and, therefore, the judgment must be reversed and the proceeding dismissed. Beldock, P. J., Christ, Benjamin and Munder, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment.